**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JHON ALEXANDER CORDOBA-CORDOBA,<br><br>                    Petitioner<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>                    Respondents. | Case No. 2:26-cv-01855-APG-MDC<br><br>**Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition**<br><br>[ECF Nos. 1, 1-1, 1-2] |

Petitioner Jhon Alexander Cordoba-Cordoba, an immigration detainee who is challenging his ongoing federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed in forma pauperis, and a motion for appointment of counsel. ECF Nos. 1-1, 1, 1-2. I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition. But I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

The petitioner has an earlier-filed, counseled § 2241 federal habeas petition challenging his immigration detention that is pending in this district. *Jhon Alexander Cordoba Cordoba v. Brian Henkey*, Case No. 2:26-cv-00632-JAD-EJY. The petitioner is therefore ordered to show

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

cause in writing why his petition should not be dismissed without prejudice as duplicative of his petition in Case No. 2:26-cv-00632. I also direct that petitioner's counsel in Case No. 2:26-cv-00632 be added to the docket in this case as interested parties.

I THEREFORE ORDER that the motion for leave to proceed in forma pauperis **(ECF No. 1) is GRANTED**.

I FURTHER ORDER that the motion for appointment of counsel **(ECF No. 1-2) is GRANTED**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this Order. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that the petitioner must show cause in writing within 21 days of the date of this order why his petition should not be dismissed as duplicative of his earlier filed petition in *Jhon Alexander Cordoba Cordoba v. Brian Henkey*, Case No. 2:26-cv-00632-JAD-EJY.

I FURTHER ORDER that if the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) a response to the ORDER TO SHOW CAUSE why the petition should not be dismissed as duplicative of the earlier filed petition in *Jhon Alexander Cordoba Cordoba v. Brian Henkey*, Case No. 2:26-cv-00632-JAD-EJY; or (2) a motion to dismiss the petition.

I FURTHER ORDER that the Clerk of Court will:

1. **FILE** the petition (ECF No. 1-1).

2

2. **ADD** the USAO to the docket as an Interested Party.  Under District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. **SEND** a copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's counsel) at ahesman@strucklove.com.

6. **ADD** attorneys (1) Casey Parsons, Ramirez-Smith Law, 6700 SW 105th Ave., Ste. 320, Beaverton, OR 97008, cparsons@nrsdt.com; and (2) Stephen Alexander Spelman, Winters Spelman PLLC, 3191 E. Warm Springs Rd., Ste. 100, Las Vegas, NV 89120, a.spelman@wintersspelman.com to the docket as interested parties.

I FURTHER ORDER that the USAO will file a notice of appearance within 7 days of the date of this order and will file and serve their answer to the amended petition, if one is filed, within 7 days of service of the filing of that amended petition, unless additional time is allowed for good cause shown.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.  The petitioner will have 7 days to file a reply.

I FURTHER ORDER that the USAO will produce the following documents to the FPD (or certify that such documents are not in their custody or control) within 7 days of the date of this order:

3

1. I-200 Warrant for Arrest of Alien

2. Form I-286 Initial Custody Determination

3. I-862 Notice to Appear

4. Form I-213 Record of Deportable or Inadmissible Alien

5. All immigration court orders in the petitioner's removal proceedings.

6. Documents certifying any appeal of any immigration court orders by the Department of Homeland Security or the petitioner.

7. Transcripts and/or audio recordings of any custody redetermination proceedings.

I FURTHER ORDER that the respondents will not transfer the petitioner out of this District, with the exception of effectuating his lawful deportation, until further order of the Court.[2] In the event of lawful deportation, the respondents' counsel must file a notice with the Court within 7 days from deportation.

Dated: June 23, 2026

_____
Andrew P. Gordon
Chief United States District Judge

---

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").